IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| TAM DAVAGE and MARCELLA MONROE, | ) ) | |
| Plaintiff, | ) ) ) | Civ. No. 04-6321-HO |
| v. | ) ) ) | ORDER |
| CITY OF EUGENE, et al., | ) ) ) | |
| Defendants. | ) ) | |

This case involves the execution of a search warrant at property located at 464 West Adams Street, 909 West 5th Avenue and 923 West 5th Avenue in Eugene, Oregon on October 17, 2002. Plaintiffs allege claims for unlawful search (lack of probable cause), unlawful search (judicial deception), excessive force, excessive force related to destruction of property, and unreasonable seizure pursuant to 42 U.S.C. § 1983. Plaintiffs also allege state law claims for false imprisonment, assault, battery, and intentional infliction of emotional distress. Defendants

Michael Wisdom, David Lewis, and George Crolly are City of Springfield law enforcement officers and each seek summary judgment as to all claims against them.

## BACKGROUND

In the predawn hours of October 17, 2002, more than 50 police officers using a light armored vehicle executed a search warrant at three properties owned by plaintiffs. The properties are located adjacent to one another at 909 West 5th Avenue, 464 West Adams Street and 923 West 5th Avenue. Plaintiffs allege that the officers engaged in a "no knock" paramilitary style raid on plaintiffs' homes without probable cause, detonated three concussion grenades, and smashed some doors.

Plaintiff Monroe alleges she was thrown to the floor and against a piece of splintered metal door resulting in a cut to her head. Plaintiff Monroe further alleges that an officer stood on her neck while she was zip-tie cuffed and then officers covered her head with a black hood. Plaintiffs allege the police found no evidence that plaintiffs had committed any crime as a result of the search, but issued two citations for felony manufacturing of controlled substances. The charges were later dismissed.

## DISCUSSION

Plaintiffs contend that defendant Wisdom detonated three flash-bank grenades and that defendant Crolly, with the aid of defendant Lewis, forced entry into the 923 West 5th Avenue property by smashing the door with a metal ram without first knocking.

Plaintiffs also contend that the affidavit in support of the warrant was made in bad faith, and contains omissions and false and misleading statements designed to deceive the reviewing magistrate.

1. <u>First Claim: Unlawful Search-No Probable Cause</u>

Plaintiffs allege that the affidavit in support of the search warrant was so lacking in probable cause that no reasonable officer would have sought a search warrant and a reasonable officer would not have believed that a search based on the affidavit was valid. Plaintiffs contend that the search violated their Fourth Amendment rights as a result. Plaintiffs do not provide evidence that defendants Crolly, Wisdom or Lewis participated in the preparation of the affidavit or the investigation that led to the preparation of the affidavit.

The record demonstrates that defendant Crolly played no part in the planning of the execution of the warrant other than to attend a briefing. His role was limited to entering the residence at 923 West 5th Avenue and leaving after five to ten minutes. The record demonstrates that defendant Lewis's role was limited to attending the briefing and entering the residence at 923 West 5th

Avenue and leaving after five to seven minutes. The record demonstrates that defendant Wisdom attended the briefing and his role was to stand in the alley behind 464 West Adams Street and to deploy flashbangs into the backyard of the residence. Defendant Wisdom then retrieved the empty canisters and left the scene. Plaintiffs contend, without evidentiary support, that none of these officers made an adequate inquiry as to the nature and scope of the warrant.[1]

Law enforcement officers are entitled to qualified immunity if they act reasonably under the circumstances, even if the actions result in a constitutional violation. Wilson v. Layne, 526 U.S. 603, 614 (1999). What's reasonable for a particular officer depends on his role in the search. Because searches often require cooperation and division of labor, Guerra v. Sutton, 783 F.2d 1371, 1375 (9th Cir. 1986), officers' roles can vary widely. While only one or a few officers may plan and lead a search, many more, as in this case, may help execute it.

> The officers who lead the team that executes a warrant are responsible for ensuring that they have lawful authority for their actions. A key aspect of this responsibility is making sure that they have a proper warrant that in fact authorizes the search and seizure they are about to conduct. The leaders of the expedition may not simply assume that the warrant authorizes the search and seizure. Rather, they must actually read the warrant and satisfy themselves that they understand its scope and limitations, and that it is not defective in some obvious way. See United States v. Leon, 468 U.S.

---

[1] Plaintiffs claim that the full extent of the officers' involvement will be detailed in future depositions.

897, 922-23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (search pursuant to a warrant is invalid if no reasonable officer could have believed the warrant was valid).

Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1027 (9th Cir. 2002).

> Line officers, on the other hand, are required to do much less. They do not have to actually read or even see the warrant; they may accept the word of their superiors that they have a warrant and that it is valid. Guerra, 783 F.2d at 1375; Marks, 102 F.3d at 1029-30. So long as they "ma[k]e inquiry as to the nature and scope of [the] warrant," Guerra, 783 F.2d at 1375, their reliance on leaders' representations about it is reasonable. Id.; Marks, 102 F.3d at 1029-30.

Id. at 1028.

As in Ramirez, the moving officers attended a briefing on the nature and scope of the search. And, also as in Ramirez, because they were not required to read the warrant, the moving defendants conducting the search cannot reasonably have been expected to know that it was defective, if in fact it was. Plaintiffs unsupported assertions that the moving defendants did not make a proper inquiry as to the nature and scope of the warrant is nothing more than speculation and contradictory to the affidavits of the moving defendants that each attended a briefing preceding the search. The motion for summary judgment is granted as to this claim in favor of defendants Crolly, Wisdom and Lewis.

2.  Second Claim: Unlawful Search-Judicial Deception

In their second claim, plaintiffs allege that the affidavit in support of the search warrant contained false and misleading statements or omissions and that without the false statements and omissions, the warrant would not have been issued. There is no dispute that the moving defendants did not submit the affidavit in support of the warrant and did not participate in its preparation. The motion should for summary judgment as to this claim is granted in favor of defendants Crolly, Lewis, and Wisdom.

3.  Third Claim: Excessive Force

Defendant Wisdom presents evidence that his only role in the search was to stand in the alley and deploy two flashbangs. Plaintiffs present no evidence that Wisdom entered any residence or used any force against plaintiffs. In addition, there is no evidence that the flashbangs caused any injury or damage. Plaintiffs present no evidence that defendant Lewis caused any damage to property or used any force against plaintiffs. The only evidence of force used by defendant Crolly is that he forced open the door to the 923 West 5th Avenue Residence. Plaintiffs present no evidence that they were inside the residence at 923 West 5th Avenue at the time that Crolly forced open the door.

Plaintiffs allege several instances of excessive force including throwing plaintiff Monroe to the ground and stepping on her neck, pointing multiple assault weapons at plaintiffs, failure

to announce that the officers were police and then placing a hood on plaintiff Monroe, forcing plaintiff Monroe to remain partially nude in cold conditions, placing plaintiff Monroe in excessively tight handcuffs for four hours. Defendants do not argue in this motion that the alleged actions did not amount to excessive force, only that the moving defendants did not engage in the alleged use of excessive force.

Plaintiffs argue that summary judgment is inappropriate as to all participants of the execution of the warrant, not merely those who used actual force. The Ninth Circuit has stated:

> summary judgment is inappropriate in the case of a number of the defendants. All of the officers who admit to having been inside the Saddlecreek premises during the execution of the warrant were participants in the detention of the Listons, not merely those officers who used force to handcuff Jim Liston. See United States v. Kerr, 817 F.2d 1384, 1386 (9th Cir.1987) (holding that seizure occurs where the officer "by means of physical force or show of authority, has in some way restrained the liberty of a citizen"). Because we have concluded that there is sufficient evidence to raise a genuine issue of fact regarding the reasonableness of the Listons' detention, those officers who by their presence in the home assisted in restraining them--defendants Pike, Amicone, Belknap, Marianes, and Pruitt-- are not entitled to summary judgment. We also note in support of our conclusion that we have in some circumstances denied summary judgment even though plaintiffs could not state with certainty which officers had violated their rights. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1448 (9th Cir.1986) (holding in police brutality case that a jury could reasonably conclude that three officer defendants "were participants in punching or kicking" plaintiff, even though defendants denied assaulting plaintiff and plaintiff could not state that specific defendants punched or kicked him). In light of the particular facts in this case, we conclude that the district court's order granting summary judgment for
7 - ORDER

Pike, Amicone, Belknap, Marianes, and Pruitt must be reversed.

Liston v. County of Riverside, 120 F.3d 965, 981 (9th Cir. 1997). In this case, there is no evidence that any of the moving defendants were inside the residence at 464 West Adams Street, where the alleged force took place. The motion for summary judgment is granted in favor of the moving defendants on this claim.

4. Fourth Claim: Excessive Force (Unreasonable Destruction of Property), Unreasonable Seizure

Plaintiffs allege that the search resulted in unreasonable damage to doors, glass, moldings, walls, plaster, ceilings equipment, ducting, tools, kilns, and fans. Plaintiffs also allege that property was unreasonably seized in that there was not evidence of any crime. The moving defendants contend that the only damage resulting from their actions was from defendant Crolly's use of force to open the door at 923 West 5th Avenue when no one responded to his knock and announce. Plaintiffs contend that Crolly smashed the door without first knocking.

It is not clear if plaintiffs were in a position to know whether there was a knock before forced entry into the residence. However, defendants present evidence that no one was present inside the residence at the time of forced entry and plaintiffs do not present evidence to controvert that no one was present. Thus, the

8 - ORDER

purpose of the knock and announce rule could not be violated. Defendants had to gain entry to conduct the search authorized by the warrant. Thus, forcing the door open could not amount to unreasonable force. The motion for summary judgment is granted as to the moving defendants on this claim.

5.  Unreasonable Seizure

Plaintiffs allege that defendants arrested plaintiffs without a warrant and without probable cause. The moving defendants did not arrest plaintiffs. In addition, the only evidence submitted is that these defendants left shortly after entry to the buildings and were not present during the arrests. Thus, summary judgment is granted to the moving defendants on this claim.

6.  State Law Claims

Plaintiffs allege state law claims for false imprisonment, assault, battery, and intentional infliction of emotional distress. Plaintiffs present no evidence that the moving defendants actually participated in any of the actions alleged for these claims. The moving defendants did not come into contact with plaintiffs. Moreover, ORS § 30.165(1) provides immunity to these defendants from such claims as the statute only authorizes an action against the public body for violations committed by agents of the public body in the course of their employment. The motion for summary

judgment is granted as to claims 6, 7, 8, and 9 in favor of defendants Wisdom, Crolly and Lewis.

## CONCLUSION

For the reasons stated above, defendants Crolly, Lewis and Wisdom's motions for summary judgment (#s 33, 38, and 43) are granted.

DATED this 2nd day of February, 2006.

Michael C. Hogan
United States District Judge